

**U.S. Department of Justice**

Criminal Division

_Fraud Section_

1400 New York Avenue, NW
Washington, D.C. 20005

May 4, 2017

The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York

Re:    _United States v. Connolly, et al., Criminal Case No. 1:16-CR-370_

Dear Judge McMahon:

This letter is respectfully submitted to answer the Court's concerns about the trade confirm offered by defense at yesterday's hearing.  We will, of course, provide further insight on the Bill of Particulars issues in our joint letter due on May 14th.

Defense suggested that the trade confirm offered at yesterday's hearing (Attachment A) did not match the data from the spreadsheet associated (Attachment B) for this trade confirm because the "reset date"[1] in the data (November 24, 2005) did not match one of the dates (November 28, 2005) noted on the trade confirm.  This letter is to advise the Court that the trade confirm does indeed match the data from the spreadsheet.  That is, the data spreadsheet entry reflecting the reset date of November 24, 2005 is the correct reset date for this trade confirm produced to the Court.  Defense was not comparing the correct dates.  We have contacted defense counsel and advised them of the proper way to identify the dates contained in the trade confirms.

As an initial matter, the reset date is not specifically stated in most trade confirms.  This is why the Government's method for locating trades that were relevant to specific reset dates started with the data and used the data to identify trade confirms that reset on those dates, and not by going directly to the trade confirms.  As explained in our presentation to defense, the way to find the underlying trade confirm is done by using the system ID (to get the back office ID) and not the reset date.

---

[1] We are using the term "reset date" as it was used by defense when seeking our help to identify the date on which the USD LIBOR submission that day was tied to the profitability of a specific trade.  In other words, the date that if the USD LIBOR submission was dishonest or manipulated would have an impact on the counterparty to the trade.  However, Deutsche Bank's data and trade documents use different terms in different contexts.  In the data, this date is referred to as the "fixing date."

As a general matter and for this example specifically, defense counsel was able to use the information we have provided to match up the correct data line with the right trade confirm by using the system ID and Global No. (or Back Office System ID) that were a match.

| | A | B | J | M | AL | BP | DS | DU | ED | EE | EF | EI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | BACKOFFICE | | | RATET | MATURITY | | |
| 1 | SYSTEMID | VERSION | TRADETYPE | COUNTERPARTY | TRADEDATE | SYSTEMID | CURRENCY | NOTIONAL | ENOR | DATE | STRIKE | FIXINGDATE |
| 3668 | 37401048 | | 2 InterestRateFRA | MORSTACSNY | 9/22/2005 | 1266404M | USD | -1354000000 | 3M | 2/28/2006 | 4.1483 | 11/24/2005 |

However, the defense seems to question whether our methodology and/or Deutsche Bank's data is correct because they do not always see the reset date listed on the trade confirm.

Instead of listing the specific reset date, the dates provided on most trade confirms are the effective date and the date the trade was created. For the trade confirm raised by defense yesterday, the trade created date (September 22, 2005) matches the date reflected in the data.



Other information in the data identified by the defense also match up with the trade confirm, showing that this is the correct confirm. As a couple of examples:



2

As the Court observed, the reset date is not specifically stated on the trade confirm. This is why the Government gets the reset date from the data and not from the trade confirm, as explained to defense during our data presentation. Instead, the trade confirm only includes a reference to the calculation used by Deutsche Bank and their counterparty to determine the reset date. The entry in the trade data is based upon that calculation. Thus, according to DB data, the reset date of November 24, 2005 is associated with the trade confirm contained in Attachment A. Thus, to the extent that the defense does not want to rely upon the data provided which shows the reset date that was in Deutsche Bank's data – and therefore what was understood by Deutsche Bank traders at the time to be the relevant reset date – and, instead, seeks to separately verify this reset date, the defense can do this as well.

For example, by taking the trade confirm that defense provided yesterday (Attachment A) defense can confirm that the November 24, 2005 reset date in Deutsche Bank's data is correct. This trade confirm states that "the definitions and provisions contained in the 2000 ISDA Definitions" govern this trade confirm agreement.[2] Per the publicly available ISDA guidance, reset dates occur two business days prior to the Effective Date. In this case, the Effective Date, November 28, 2005, was a Monday. Two business days before that would be November 24, 2005, which is consistent with Deutsche Bank's trading data. Again, it is not necessary for defense to go through this process to get to the reset date because it is already provided in Deutsche Bank's data. To the extent we did not provide this explanation to the defense, we understood their previous requests to relate to finding the data itself and not necessarily about double checking the data with a date on the trade confirm. We will continue to engage counsel to assure that they have the information that the Government has – by way of data, confirms, and interview reports[3] explaining this process.

Although the crux of the Government's case is – as laid out in discovery and the Superseding Indictment – the testimony of cooperators, the testimony of counterparties, chats, and emails, the Government has provided the defense with the data as well as the information that the Government has to describe this data. Indeed, the Government has gone a step further by preparing a presentation to show how we used the data to identify counterparties. As demonstrated by their ability to pull the correct associated data, the defense was able to use the information the Government provided to track down the associated data set for that trade confirm that had the correct reset date. The simple answer to the issue raised yesterday is that the reset date is not explicitly listed on the trade confirm and that is why it was not there, and that the reset date in the data is correct.

---

[2] Although the trade confirm references a "reset date" with a definition for that date, Deutsche Bank's usage of "reset date" in this contract is not the same as the definition being used by the parties as described in footnote 1.

[3] The defense has interview reports from interviews of counterparties to specific trades, where these counterparties explain the method for which the parties determine the reset date based on the calculation that is referenced in the trade confirm itself. Thus, to the extent the defense seeks to double check Deutsche Bank's data, they have the tools to do this.

We will continue to confer with defense counsel and update the Court on our progress in our May 14, 2017 letter.

Respectfully,

____/s/_____
Carol L. Sipperly, Assistant Chief
Alison L. Anderson, Trial Attorney
Richard A. Powers, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

Michael T. Koenig, Trial Attorney
United States Department of Justice
Antitrust Division

# ATTACHMENT A

# Deutsche Bank
Aktiengesellschaft

Deutsche Bank AG London
Winchester House
1 Great Winchester Street
London EC2N 2DB

Telephone: +44 20 7545 8000

| | |
|---|---|
| Date: | September 22, 2005 |
| To: | Morgan Stanley Capital Services Inc. |
| Attention: | Swaps Documentation Department |
| Facsimile no.: | 1 410 534 1431 |
| **Our Reference:** | **Global No. 1266404M** |
| **Re:** | **Forward Rate Agreement Transaction** |

Ladies and Gentlemen:

The purpose of this letter agreement is to set forth the terms and conditions of the Transaction entered into between Deutsche Bank AG ("DBAG") and Morgan Stanley Capital Services Inc. ("Counterparty") on the Trade Date specified below (the "Transaction"). This letter agreement constitutes a "Confirmation" as referred to in the Agreement specified below.

The definitions and provisions contained in the 2000 ISDA Definitions (the "Definitions") as published by the International Swaps and Derivatives Association, Inc. are incorporated by reference herein. In the event of any inconsistency between the Definitions and this Confirmation, this Confirmation will govern.

For the purpose of this Confirmation, all references in the Definitions or the Agreement to a "Swap Transaction" shall be deemed to be references to this Transaction.

1. This Confirmation supplements, forms part of, and is subject to, the ISDA Master Agreement dated as of February 19, 1998, (as the same may be amended or supplemented from time to time, the "Agreement"), between DBAG and Counterparty. All provisions contained in the Agreement shall govern this Confirmation except as expressly modified below.

2. The terms of the particular Transaction to which this Confirmation relates are as follows:

| | |
|---|---|
| Notional Amount: | USD 1,354,000,000.00 |
| Trade Date: | September 22, 2005 |

Deutsche Bank AG is regulated by the FSA for the conduct of designated investment business in the UK, a member of The London Stock Exchange and is a limited liability company incorporated in the Federal Republic of Germany HRB No. 30 000 District Court of Frankfurt am Main;Branch Registration No. in England and Wales BR000005, Registered address: Winchester House, 1 Great Winchester Street London EC2N 2DB.
Chairman of the Supervisory Board: Rolf-E. Breuer Board of Managing Directors: Clemens Börsig, Hermann-Josef Lamberti, Josef Ackermann, Tessen von Heydebreck

DBGJ 00055112

| | |
|---|---|
| Effective Date: | November 28, 2005 |
| Termination Date: | February 28, 2006, subject to adjustment in accordance with the Modified Following Business Day Convention |

**Fixed Amount:**

| | |
|---|---|
| Fixed Rate Payer: | DBAG |
| Fixed Rate Payer Payment Date: | The Effective Date |
| Fixed Rate: | 4.1483% |
| Fixed Rate Day Count Fraction: | Actual/360 |
| Fixed Rate Payer Business Days: | London and New York |
| Fixed Rate Payer Business Day Convention: | Modified Following |

**Floating Amount:**

| | |
|---|---|
| Floating Rate Payer: | Counterparty |
| Floating Rate Payer Payment Date: | The Effective Date |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | Three months |
| Spread: | None |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Date: | The first Business Day in the Calculation Period |
| FRA Discounting: | Applicable |
| Floating Rate Payer Business Days: | London and New York |
| Floating Rate Payer Business Day Convention: | Modified Following |

3. **Account Details:**

USD DBAG Payment Instructions:
| | |
|---|---|
| Account With: | DB Trust Co. Americas, New York |
| SWIFT Code: | BKTRUS33 |
| Favor Of: | Deutsche Bank AG, London |
| Account Number: | ▮▮▮▮▮▮▮▮ |

USD Counterparty Payment Instructions:
| | |
|---|---|
| Account With: | Citibank, N.A. New York |
| SWIFT Code: | CITIUS33 |
| Favor Of: | Morgan Stanley Capital Services |
| Account Number: | ▮▮▮▮▮▮▮▮ |

1266404M                                        2

Confidential Treatment Requested by Deutsche Bank                                        DBGJ 00055113

## 4. **Offices:**

The Office of DBAG for this Transaction is London.

The Office of Counterparty for this Transaction is New York.

| | |
|---|---|
| 5. **Calculation Agent:** | The party specified as such in the Agreement, or if not specified therein, DBAG. |

## 6. **Representations**

Each party will be deemed to represent to the other party on the date on which it enters into this Transaction that (absent a written agreement between the parties that expressly imposes affirmative obligations to the contrary for this Transaction):

(i) **Non-Reliance.** It is acting for its own account, and it has made its own independent decisions to enter into this Transaction and as to whether this Transaction is appropriate or proper for it based upon its own judgement and upon advice from such advisers as it has deemed necessary. It is not relying on any communication (written or oral) of the other party as investment advice or as a recommendation to enter into this Transaction; it being understood that information and explanations related to the terms and conditions of this Transaction shall not be considered investment advice or a recommendation to enter into this Transaction. No communication (written or oral) received from the other party shall be deemed to be an assurance or guarantee as to the expected results of this Transaction.

(ii) **Assessment and Understanding.** It is capable of assessing the merits of and understanding (on its own behalf or through independent professional advice), and understands and accepts, the terms, conditions and risks of this Transaction. It is also capable of assuming, and assumes, the risks of this Transaction.

(iii) **Status of Parties.** The other party is not acting as a fiduciary for, or an adviser to it in respect of this Transaction.

Deutsche Bank AG London is acting as principal in this Transaction. The time of transaction will be supplied on request. If applicable, the following will apply: The time of exercise will be supplied on request. Details of arrangements with introducing brokers are available on request.

1266404M                                    3

Confidential Treatment Requested by Deutsche Bank                                    DBGJ 00055114

7. Please confirm that the foregoing correctly sets forth the terms of our agreement by having an authorized officer sign this Confirmation and return it via facsimile or e-mail to:

Attention: Derivative Documentation
Telephone: 44 20 7547 4755
Facsimile: 44 20 7545 9761
E-mail: Derivative.Documentation@db.com

This message will be the only form of Confirmation dispatched by us. If you wish to exchange hard copy forms of this Confirmation, please contact us.

Yours sincerely,

Deutsche Bank AG

By:

Name:   Gaby Bolton
Authorized Signatory

By:

Name:   Jamie Hunt
Authorized Signatory

Confirmed as of the date first written above:

Morgan Stanley Capital Services Inc.

By:       _____
Name:     _____
Title:    _____

1266404M                          4

Confidential Treatment Requested by Deutsche Bank

DBGJ 00055115

# ATTACHMENT B

| systemid | version | book | counterparty | customer | status | tradedate | datecreated | lastupdated | action | actioneffectivedate | enteredby | trader | tradetype | cashaccrualba | currency | daycount | fixingcities | fixingdate | fixingrefer | fratype | maturitydate | notional | ratetenor | settlementdate | strike |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37401048 | 2 | LNMMDTUSD | MORSTACSNY | MORSTACSNY | Exercised | 9/22/2005 | 9/22/2005 | 11/24/2005 | Fixed | 11/24/2005 | SALTJON | BLACGA | InterestRateF | Act/360 | USD | 0.255556 | LDN | 11/24/2005 | LIBOR | R | 2/28/2006 | -1354000000 | 3M | 11/28/2005 | 4.1483 |
| 40088353 | 3 | NYMMDBASIS | MORSTACSNY | MORSTACSNY | Exercised | 10/18/2005 | 11/12/2005 | 11/24/2005 | Fixed | 11/24/2005 | SALTJON | TPARIETT | InterestRateF | Act/360 | USD | 0.255556 | LDN | 11/24/2005 | LIBOR | R | 2/28/2006 | -500000000 | 3M | 11/28/2005 | 4.3442 |
| 50370902 | 2 | NYMMDBASIS | MORSTACSNY | MORSTACSNY | Exercised | 5/3/2006 | 5/3/2006 | 7/20/2006 | Fixed | 7/20/2006 | DALMPAU | TPARIETT | InterestRateF | Act/360 | USD | 0.086111 | LDN | 7/20/2006 | LIBOR | R | 8/24/2006 | -1000000000 | 1M | 7/24/2006 | 5.2128 |
| 50371058 | 2 | NYMMDBASIS | MORSTACSNY | MORSTACSNY | Exercised | 5/3/2006 | 5/3/2006 | 7/21/2006 | Fixed | 7/21/2006 | WATSAX | TPARIETT | InterestRateF | Act/360 | USD | 0.086111 | LDN | 7/21/2006 | LIBOR | R | 8/25/2006 | 1000000000 | 1M | 7/25/2006 | 5.2154 |